UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ CV 10 - 4767 ⌐

----------------------------------------

AVROHOM SEBROW,

Plaintiff, BROOKLYN OFFICE **CLASS ACTION**
                                       **COMPLAINT**

-against-

ZUCKER, GOLDBERG & ACKERMAN, LLC,     **GARAUFIS, J.**

Defendant.

----------------------------------------------------------------

**MANN, M.J.**

**COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff brings this action on his own behalf and on behalf of all others similarly

situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of

the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"),

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**Introduction**

1.     This action seeks redress for the illegal practices of Defendant, concerning the

collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* ("FDCPA").

**Jurisdiction and Venue**

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in this District because the acts and transactions that give rise to

1

this action occurred, in substantial part, in this District.

4.      Plaintiff is a resident of the State of New York.

5.      Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA
in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer
debt.

6.      Upon information and belief, Defendant is an active New Jersey business, which
violated the FDCPA by causing communication to be sent to the plaintiff in New York.

7.      Defendant is regularly engaged in the collection of debts allegedly owed by
consumers.

8.      Defendant is thus a "Debt Collector" as that term is defined by § 1692(a)(6) of the
FDCPA.

9.      Plaintiff received direct communications from Defendant, in the form of an initial
written notice, accompanied by a summons and complaint relating to a foreclosure, dated
December 17, 2009. Attached hereto as exhibit A is a copy of the communication. Said
communication violates the FDCPA. Said communication fails to indicate the amount of
the debt in violation of 15 USC § 1692g(a)(1) and fails to indicate that the consumer may dispute
the debt by any means and not just in writing, in violation of 15 U.S.C. §§ 1692(e) and (g). The

initial written notice referred to an alleged debt as of June 20, 2009. The complaint was filed on

or about November 12, 2009 and sent to the plaintiff on or about December 17, 2009. Therefore,

the amount of the debt in the notice is incorrect and the notice fails to name the amount of the

debt as of the time of the filing of the summons and complaint. No notice that was sent after the

initial communication complied with the FDCPA.  Such subsequent communications include,

but are not limited to: a Request and Certification for Default and a Notice of Foreclosure

(attached hereto as Exhibit "C"), among other communications.


10.     Defendant also violated § 1692e by serving the validation notice with the summons and

complaint, thereby confusing the consumer regarding his obligations to answer the complaint.

The summons was overshadowed by the rights under the notice, since a different timeline is

given to the consumer in each document.  The language is certainly confusing and is subject to a

reasonable interpretation that is false.


## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal

Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers

and their successors in interest (the "Class") who have received debt collection notices

identical in all material respects to the one attached as Exhibit A accompanied by a

complaint in a foreclosure action from the Defendant as of one year prior to the filing of

Plaintiff's complaint until 20 days thereafter. Excluded from the Class is the Defendant

herein, and any person, firm, trust, corporation, or other entity related to or affiliated with

the Defendant, including, without limitation, persons who are officers, directors,

employees, associates or partners of Defendant.

12.     Alternatively, a second Class should be represented by Plaintiff for those Class members

similarly situated with Mr. Sebrow who have received subsequent communications aside from

the notice accompanying a foreclosure action and did not receive any additional 30 day notice.

The time restrictions and exclusions from paragraph 10 shall apply to this Class as well. All

other class action references contained herein shall likewise apply to this Class.

13.     This action is properly maintained as a class action. This Class satisfies all the

requirements of Rule 23 for maintaining a class action.

14.     The Class is so numerous that joinder of all members is impracticable. Upon

information and belief, 40 or more persons have received debt collection notices from the

Defendant, which violate various provisions of the FDCPA.

15.     There are questions of law and fact which are common to the Class and which

predominate over questions affecting any individual Class member. These common

questions of law and fact include, without limitation:

        a.      Whether the Defendant violated various provisions of the FDCPA,

including but not limited to 15 U.S.C. § §1692g and e.

        b.      Whether Plaintiff and the Class have been injured by the defendant's

conduct; and

        c.      Whether Plaintiff and the Class have sustained damages and are entitled to

4

restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

16.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

18.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

19.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights.

20.     Defendant has acted on grounds generally applicable to the entire Class, thereby

making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

21.     Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

22.     Upon information and belief, the notice is a form notice sent by Defendant to the Plaintiff.

23.     Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24.     Section 1692g requires the debt collector to give the consumer various information within five days of its communication with the consumer.

25.     Defendant violated § 1692g, by failing to inform the consumer of the amount that was allegedly owed.

26.     Section 1692e of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

6

27.     Defendant communicated with the consumer that he had a right to dispute a debt with the debt collector within 30days when in fact he was required to answer the complaint in accordance with the instructions contained within the summons.

## AS AND FOR A SECOND CAUSE OF ACTION

28.     Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

29.     Upon information and belief, the notice sent along with the Summons & Complaint is a form letter sent by defendant to the plaintiff. Attached as Exhibit "A" is a redacted copy of the notice received by plaintiff.

30.     Collection letters with a notice, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

31.     Section 1692(e) prohibits a debt collector from using false, deceptive or misleading means when attempting to collect an alleged debt from a consumer.

32.     The notice states that "[t]he debt described in the complaint attached hereto and evidenced by the copy of the mortgage and note, will be assumed to be valid by the creditor's law firm, unless debtors, within thirty (30) days after receipt of this Notice, disputes, *in writing*, the validity of the debt or some portion thereof" (emphasis added).

33.     The least sophisticated consumer would reasonably conclude, based on the above mentioned statement, that he was unable to dispute the debt orally. It is well settled that a consumer may dispute a debt orally, and not just in writing. This is therefore a deceptive practice in violation of Section 1692(e).

34.     Plaintiff received the summons and complaint with the accompanying defective notice in December, 2009. Shortly after receiving this correspondence from the defendant, plaintiff sent a letter via facsimile to the defendant, on or about December 23, 2009. Upon information and belief, the facsimile was received by the defendant on December 24, 2009. Attached hereto as Exhibit "B" is a copy of said facsimile along with the confirmation of its receipt by the defendant.

35.     In the correspondence he sent to the defendant, plaintiff, among other things, disputed the validity of the debt, asked for verification of the alleged debt, and asked for defendant to send the name and address of the original, current, and any intermediate creditors.

36.     To date, the defendant has never provided the plaintiff with any verification of the alleged debt, nor has the defendant provided plaintiff with the name(s) and address(es) of the original, current, and intermediate creditors.

37.     The foregoing violates 15 USC § 1692g, which requires that a debt collector cease collection of the debt upon consumer notification of a debt dispute and/or upon request by the consumer of the names of the original and current creditors. Upon said request(s), the debt collector is required to obtain verification of the debt and the names of the original and current creditors and mail them to the consumer before sending any further communication to that consumer to collect the alleged debt.

38.     The defendant never sent the plaintiff any verification of the debt or the names of the original and current creditors.


39.     The defendant subsequently sent plaintiff further correspondence to collect the debt, including, but not limited to: a copy of a Request and Certification of Default, Certification of Default, and Notice of Foreclosure on or about September 27, 2010. All of this subsequent correspondence was sent the defendant having first sent the plaintiff any verification of the debt or names of the original and/or current creditors.


**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment as follows:

a)     Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)     Awarding Plaintiff and the Class statutory damages;

c)     Awarding Plaintiff and the Class costs of this action, including reasonable attorneys' fees and expenses; and

d)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
       October 14, 2010

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516

Telephone (516) 374-2118
Facsimile (516) 706-2404

10

# EXHIBIT A

LEONARD B. ZUCKER
MICHAEL S. ACKERMAN
JOEL ACKERMAN*

FRANCES GAMBARDELLA
BRIAN C. NICHOLAS ●
STEVEN D. KROL
CHRISTOPHER G. FORD
ERIC R. PARKER ‡
JANET V. KRYMETIAN ●
DENISE CARLON ‡
ANNIE CHA ‡
MONIKA S. PINDALIK
CHRISTINE E. POTTER
BRIAN W. BANASIAK
RYAN S. MALC

*  ALSO MEMBER OF NY, PA AND CA BAR
●  ALSO MEMBER OF NY AND ME BAR
‡  ALSO MEMBER OF NY BAR
○  ALSO MEMBER OF MA AND MD BAR
□  MEMBER OF PA BAR ONLY

# ZUCKER, GOLDBERG & ACKERMAN, LLC
## ATTORNEYS AT LAW

200 SHEFFIELD STREET- SUITE 301
P.O. BOX 1024
MOUNTAINSIDE, NJ 07092-0024

TELEPHONE: 908-233-8500
FACSIMILE: 908-233-1390
E-MAIL: office@zuckergoldberg.com

For payoff/ reinstatement figures
please send your request to: zuckergoldberg.com/pr

*REPLY TO NEW JERSEY ADDRESS*

FOUNDED IN 1923
AS ZUCKER & GOLDBERG

MAURICE J. ZUCKER (1918-1979)
LOUIS D. GOLDBERG (1923-1967)
LEONARD H. GOLDBERG (1923-1979)
BENJAMIN WEISS (1949-1981)

Pennsylvania Office:
P.O. Box 650
Hershey, PA 17033

*OF COUNSEL:*

SCOTT A. DIETTERICK, ESQ. □
KIMBERLY A. BONNER, ESQ. □
JAIME R. ACKERMAN, ESQ.

FWZ 125374/casb

December 17, 2009

Avrohom Sebrow


Avrohom Sebrow


Avrohom Sebrow


Re:   HSBC Mortgage Corporation (USA)
vs.   Avrohom Sebrow, et al.
Docket No.
Premises:   ████████████
Camden, NJ  08103

To The Above Named Addressees:

Enclosed herewith please find copy of Summons and Complaint regarding the above captioned foreclosure matter.

Kindly advise of your intentions.

Very truly yours,

By:       *Leonard B Zucker*

LEONARD B. ZUCKER

LBZ/casb
Enclosures
Certified Mail Return Receipt Requested
cc:      Regular Mail

*THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

FWZ 125374/casb
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-379-2233

| | | |
|---|---|---|
| HSBC Mortgage Corporation (USA) | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CHANCERY DIVISION |
| | : | CAMDEN COUNTY |
| Plaintiff, | : | DOCKET NO. F-59206-09 |
| vs. | : | |
| | : | Civil Action |
| Avrohom Sebrow; et al | : | |
| | : | SUMMONS |
| Defendants. | : | |

THE STATE OF NEW JERSEY
to
Avrohom Sebrow

(L.S.)
The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint you or your attorney must file a written answer or motion and proof of service with the Clerk of the Superior Court within 35 days from the date you received this summons, not counting the date you received it. You must file your answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A $135.00 filing fee payable to the Treasurer, State of New Jersey must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion with 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have any attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling of the Lawyer Referral Services. A list of these numbers is also provided.

*Jennifer M. Perez*

JENNIFER M. PEREZ, CLERK OF THE
SUPERIOR COURT OF NEW JERSEY

DATED: December 17, 2009

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**ATLANTIC COUNTY:**
LAWYER REFERRAL
Atlantic County Court House
1201 Bacharach Blvd.
Atlantic City, NJ 08401
(609) 345-3444

LEGAL SERVICES
1 S. South Carolina Avenue- 2nd
Floor
Atlantic City, NJ 08401
(609) 348-4200

**BERGEN COUNTY:**
LAWYER REFERRAL
61 Hudson Street
Hackensack, NJ 07601
(201) 488-0044

LEGAL SERVICES
47 Essex Street
Hackensack, NJ 07601
(201) 487-2166

**BURLINGTON COUNTY:**
LAWYER REFERRAL
117 High Street
Mt. Holly, NJ 08060
(609) 261-4862

LEGAL SERVICES
50 Rancocas Road (Lower Level)
Mt. Holly, NJ 08060
(609) 261-1088

**CAMDEN COUNTY:**
LAWYER REFERRAL
800 Hudson Square
Suite 103, P.O. Box 1027
Camden, NJ 08101
(856) 964-4520

LEGAL SERVICES
Regional Office
530 Cooper Street
Camden, NJ 08102-1246
(856) 964-2010

**CAPE MAY COUNTY:**
LAWYER REFERRAL
P.O. Box 425
Cape May Court House, NJ 08210
(609) 463-0313

LEGAL SERVICES
1261 Route 9 South
Cape May Court House, NJ 08210
(609) 465-3001

**CUMBERLAND COUNTY:**
LAWYER REFERRAL
P.O. Box 2031
Vineland, NJ 08360
(856) 692-6207

LEGAL SERVICES
Neighborhood/Farmworker Division
22 E. Washington St.
Bridgeton, NJ 08302-1933
(856) 451-0003

**ESSEX COUNTY:**
LAWYER REFERRAL
Historical Courthouse
470 Dr. Martin Luther King Blvd
Room B01
Newark, NJ 07102
(973) 622-6204

LEGAL SERVICES
Public Entitlements
Law & Housing Law Units
106 Halsey Street
Newark, NJ 07102
(973) 624-4500

**GLOUCESTER COUNTY:**
LAWYER REFERRAL
Justice Complex
P.O. Box 338
Woodbury, NJ 08096
(856) 848-4589

LEGAL SERVICES
81 Cooper Street
Woodbury, NJ 08096
(856) 848-5360

**HUDSON COUNTY:**
LAWYER REFERRAL
583 Newark Avenue
Jersey City, NJ 07306
(201) 798-2727

LEGAL SERVICES
574 Newark Avenue
Jersey City, NJ 07306-2377
(201) 792-6363

**HUNTERDON COUNTY:**
LAWYER REFERRAL
P.O. Box 267
Pittstown, NJ 08867
(908) 735-2611

LEGAL SERVICES
82 Park Avenue
Flemington, NJ 08822-1168
(908) 782-7979

**MERCER COUNTY:**
LAWYER REFERRAL.

1245 Whitehorse
Mercerville Road, Suite 420
Mercerville, NJ 08619-3894
(609) 585-6200

LEGAL SERVICES
16-18 West Lafayette Street
Trenton, NJ 08608-2088
(609) 695-6249

**MIDDLESEX COUNTY:**
LAWYER REFERRAL
87 Bayard Street
New Brunswick, NJ 08901
(732) 828-0053

LEGAL SERVICES
78 New Street, 3rd Floor
New Brunswick, NJ 08901-2584
(732) 249-7600

**MONMOUTH COUNTY:**
LAWYER REFERRAL
Court House
Freehold, NJ 07728
(732) 431-5544

LEGAL SERVICES
25-13 Broad Street
Freehold, NJ 07728
(732) 866-0020

**MORRIS COUNTY:**
LAWYER REFERRAL
10 Park Place
Morristown, NJ 07960
(973) 267-5882

LEGAL SERVICES
30 Schuyler Place C.N. 900
Morristown, NJ 07963-0900
(973) 285-6911

**OCEAN COUNTY:**
LAWYER REFERRAL
Courthouse, P.O. Box 381
Toms River, NJ 08753
(732) 240-3666

LEGAL SERVICES
9 Robbins Street, Suite 2-A
Toms River, NJ 08753
(732) 341-2727

**PASSAIC COUNTY:**
LAWYER REFERRAL
Court House
Hamilton Street
Paterson, NJ 07505
(973) 278-9223

LEGAL SERVICES
175 Market Street
Paterson, NJ 07505
(973) 345-7171

**SALEM COUNTY:**
LAWYER REFERRAL
681 South Broadway
Pennsville, NJ 08070
(856) 678-8363

LEGAL SERVICES
Neighborhood/Farmworker Division
22 E. Washington St.
Bridgeton, NJ 08302-1933
(856) 451-0003

**SOMERSET COUNTY:**
LAWYER REFERRAL
P.O. Box 1095
Somerville, NJ 08876
(908) 685-2323

LEGAL SERVICES
78 Grove Street
Somerville, NJ 08876
(908) 231-0840

**SUSSEX COUNTY:**
LAWYER REFERRAL
10 Park Place
Morristown, NJ 07960
(973) 267-5882

LEGAL SERVICES
3 High Street, P.O. Box 159
Newton, NJ 07860
(973) 383-7400

**UNION COUNTY:**
LAWYER REFERRAL
Court House, 3rd Floor
Elizabeth, NJ 07207
(908) 353-4715

LEGAL SERVICES
60 Prince Street
Elizabeth, NJ 07208
(908) 354-4340

**WARREN COUNTY**
LAWYER REFERRAL
10 Park Place
Morristown, NJ 07960
(973) 267-5882

LEGAL SERVICES
91 Front Street
P.O. Box 65
Belvidere, NJ 07823
(908) 475-2010

FWZ 125374/bga        **FILED:**
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

**FILED**

NOV 12 2009
SUPERIOR COURT
CLERK'S OFFICE

| | |
|---|---|
| HSBC Mortgage Corporation (USA) | SUPERIOR COURT OF NEW JERSEY |
| | CHANCERY DIVISION |
| Plaintiff, | CAMDEN COUNTY |
| | DOCKET NO. F-    **F 0 5 9 2 0 6 - 0 9** |
| vs. | Civil Action |
| Avrohom Sebrow, his/her heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; Mrs. Avrohom Sebrow, wife of Avrohom Sebrow; | **COMPLAINT** **FOR** **FORECLOSURE** |
| Defendants. | |

HSBC Mortgage Corporation (USA), (hereinafter "plaintiff"), through its servicing

agent located at 1270 NORTHLAND DRIVE \SUITE 200, MENDOTA HEIGHTS, MN 55120,

hereby says:

## FIRST COUNT

1. On 05/22/2008, Avrohom Sebrow executed to HSBC Mortgage Corporation a Note (hereinafter "Note") securing the sum of $67200.00, payable on 06/01/2038 with the initial interest rate of 7.0000% per annum.

2. To secure the payment of the Note, Avrohom Sebrow, executed to Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation, a Mortgage (hereinafter "Mortgage") dated 05/22/2008, and thereby mortgaged to Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation in fee the land hereinafter described (hereinafter "Mortgaged Premises"). Said Mortgage was duly recorded on 06/06/2008, in the OFFICE OF THE CLERK OF CAMDEN COUNTY, in Mortgage Book 8845, Page 990. The Mortgage is not a Purchase Money Mortgage.

3. The legal description of the Mortgaged Premises is described on the Schedule annexed hereto and made a part hereof.

## SCHEDULE A- Legal Description

ALL the following described property located in the City of Camden, County of Camden, State of New Jersey:

COMMONLY known as ███████████████████████.

BEING also known as ███████████ on the tax map of the City of Camden.

DIMENSION: APPROXIMATELY 13 x 96
NEAREST CROSS STREET: Situate on the southwesterly side of ████████████
approximately 178 feet northwestedly from the intersection of the northwestedly side of ████
████████

The following is a metes and bounds legal description as found in the Mortgage:

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Camden, County of Camden, State of New Jersey

BEGINNING in the southwesterly line of ████████████ a point 178.17 feet northwestwardly from the westerly corner of ████ and ████████████ said point being in the extended middle line of a party wall between premises 1219 and 1277 ████████████ and extending thence

1. Northwestwardly along the northwesterly line of ████████████ feet extending thence

2. Southwestwardly on a line running through the middle line of a party wall between premises ████████████ ████ 96.00 feet to a 4.00 feet wide alley, and extending thence

3. Southeastwardly along the same 13.96 feet and extending thence

4. Northeastwardly on a line running through the middle line of the party wall between premises ████████████
████████████

4.   The Note and Mortgage have been assigned as follows:

4a.   By assignment of mortgage dated 11/05/2009 from Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation to HSBC Mortgage Corporation (USA), plaintiff herein, which is unrecorded at this time.

5. The Note contained an agreement that if any installment payment should remain unpaid for 30 days after the same shall fall due, the whole principal sum, with all unpaid interest, fees, costs and advances, should, at the option of plaintiff or its representatives or assigns, become immediately due and payable.

6.   The obligor(s) has/have failed to make the installment payment due on 03/01/2009, and all payments becoming due thereafter. Therefore the loan has been in default since on or about 04/01/2009.

7.   As a result of said default, plaintiff hereby elects and declares that the whole unpaid principal sum due on the Note and Mortgage, along with all unpaid interest, advances, fees and costs, shall be accelerated and is now due and payable.

8.   The Note and Mortgage do not contain a prepayment penalty.

9.   The following defendants are joined herein because they are either the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises, or because they are the holder of a legal and equitable interest in the Mortgaged Premises which is subordinate to plaintiff's Mortgage lien.

9a. Title to the property passed to Avrohom Sebrow, and he executed the note and mortgage. The note and mortgage did not specify his marital status. In the event he married after executing the note and mortgage, plaintiff joins a defendant, Mrs. Avrohom Sebrow, wife of Avrohom Sebrow, as a defendant for any marital and/or possessory interests, if any, she may have in the mortgaged premises.

10.  The following defendants are joined herein because they are the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises which has been paid in full but have not been discharged of record.

NONE

11.  In the event plaintiff is unable to determine the present whereabouts of defendants, Avrohom Sebrow, or ascertain if he is presently alive, and as a precaution, plaintiff has joined the following persons as party defendants to this foreclosure action for any lien, claim or interest they may have in, to, or against the mortgaged premises:

Avrohom Sebrow, his heirs, devisees, and personal representatives, and his, their or any of their successors in right, title and interest.

12.  Pursuant to the terms of the Note and Mortgage, plaintiff (or its predecessors, successors or servicing agent), reserved the right to pay taxes, municipal charges, or other liens affecting the Mortgaged Premises, which charges or liens are superior to the lien of the Mortgage. When paid by plaintiff (or its predecessors, successors, or servicing agent), these taxes, municipal charges, or other liens, together with interest thereon, are to be added to the amount due plaintiff, whether such advances were made prior to the filing of this action or during its pendency.

13. Plaintiff has complied with the Fair Foreclosure Act N.J.S.A. 2A:50-53, et seq., by serving the required Notice of Intention to Foreclose at least 30 days in advance of filing of this complaint.

WHEREFORE, the plaintiff demands judgment:

(a)     Fixing the amount due on the Mortgage;

(b)     Barring and foreclosing the defendants and each of them of all equity of redemption in and to the Mortgaged Premises;

(c)     Directing that plaintiff be paid the amount due as provided in the Mortgage, together with interest, fees, costs and advances;

(d)     Adjudging that the Mortgaged Premises be sold according to law to satisfy the amount due to plaintiff on the Mortgage; and

(e)     Appointing a receiver of the rents, issues and profits of the Mortgaged Premises.

### SECOND COUNT

1. Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth in the First Count of the Complaint, as if set forth herein at length.

2. By the terms of the Note and Mortgage, plaintiff is entitled to possession of the Mortgaged Premises and all appurtenances.

3. The Mortgagor(s) and Obligor(s) named herein has or may claim to have certain rights in the Mortgaged Premises, and by reason thereof, has or have deprived plaintiff of possession of the Mortgaged Premises.

WHEREFORE, plaintiff demands judgment against the defendants, except those protected by N.J.S.A. 2A:18-61.1, et. seq.:

(a)     for possession of the Mortgaged Premises in favor of plaintiff or its assignee or designee, which right to possession shall be transferred to the successful purchaser at the foreclosure sale;

(b)     for costs.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other Court proceeding or arbitration and that, to the best of my knowledge and belief, no other parties need be joined at this time, and that no other proceedings are contemplated.

### CERTIFICATION PURSUANT TO RULE 4:64-1(a) AND RULE 1:5-6(c)(1)(E)

I hereby certify that a title search of the public record has been received and reviewed prior to the filing of this action.

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

By:_____
LEONARD B. ZUCKER
MEMBER OF THE FIRM

DATED: November 11, 2009

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the act),
15 U.S.C. SECTION 1601 AS AMENDED

THIS IS AN ATTEMPT TO COLLECT A
DEBT.  ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

1. The amount due on the debt, as of 06/20/2009, is the sum of $68681.92.  This sum does not include foreclosure fees and costs or any payments received or advances made after that date.

2. The debt described in the complaint attached hereto and evidenced by the copy of the mortgage and note, will be assumed to be valid by the creditor's law firm, unless debtors, within thirty (30) days after receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

3. If the debtor notifies the creditor's law firm in writing within thirty (30) days of the receipt of this Notice, that the debt or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

4. If the creditor who is named as plaintiff in the attached summons and complaint, is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty (30) days from the receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

5. Written request should be addressed to ZUCKER, GOLDBERG & ACKERMAN, LLC, 200 Sheffield Street, Suite 301, P.O. Box 1024, Mountainside, New Jersey 07092-0024.  Please refer to our file number, which is FWZ 125374.

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

# IT MAY BE POSSIBLE TO SAVE YOUR HOME
# FREE COUNSELING -- FREE FORECLOSURE
# MEDIATION IS AVAILABLE
## But, you must take action NOW!
# HELP IS JUST A PHONE CALL AWAY
# 1-888-989-5277



You have been served with a foreclosure complaint that could cause you to lose your home. The New Jersey Judiciary has set up a Foreclosure Mediation Program to assist certain homeowners. This program is available to all qualifying homeowners whether or not they file an answer to the foreclosure complaint.

Foreclosure mediation is a process where a neutral mediator assists lenders and borrowers in trying to reach a voluntary and mutual agreement to resolve a loan delinquency. Foreclosure mediation will take place in county courthouses with trained mediators.

You can take advantage of the **FREE mediation** program and FREE housing counselor if you meet all of the following eligibility conditions:
- You are an owner-occupant of a one- to three- family residential property.
- The property is your primary residence.
- You are the borrower and your mortgage loan is being foreclosed.

**To Participate in Foreclosure Mediation:**
- Complete and return an original and two copies of (1) the Foreclosure Mediation Financial Worksheet; (2) all required attachments and (3) the Mediation Recommendation Statement or Mediation Request Statement to the Administrative Office of the Courts

**To Get Housing Counselor Help You Must:**
- Call the toll-free telephone number at the top of this notice and ask for the name of a housing counselor in your area certified by the Department of Housing & Urban Development (HUD) or visit the New Jersey Housing and Mortgage Finance Agency (NJHMFA) website.
- Make an appointment to meet with the HUD/NJMFA-certified housing counselor who will discuss your financial situation, help you fill out the attached Foreclosure Mediation Financial Worksheet, offer potential options and help you apply for court-sponsored foreclosure mediation.

**CAUTION**
Applying for foreclosure mediation will not stop your lender from moving forward with its foreclosure action. If you dispute your lender's claims, you should consult a New Jersey licensed attorney and/or file an answer that conforms to the New Jersey Court Rules.

After a foreclosure judgment has been entered, if you apply and meet the conditions for foreclosure mediation, the court may stay the sheriff's sale until after you have had an opportunity to have a mediation conference. If your home is scheduled for a sheriff's sale, you will need to file a motion asking the court to stay the sheriff's sale. A sample motion to stay the sheriff's sale is on the Judiciary's Web site at:

njcourts.com/civil/forms/11277_fm_nom_sheriffstay_salepacket.pdf

Revised 6/22/2009, CN: 11284-English

**NEW JERSEY JUDICIARY**
**FORECLOSURE MEDIATION FINANCIAL WORKSHEET**

DOCKET NO: F ☐☐☐☐☐-☐☐

_____   V.   _____
Plaintiff's Name                     First Defendant's Name

## PERSONAL INFORMATION

| Borrower's Name | Co-Borrower's Name |
|---|---|
| Social Security Number / Date of Birth (mm/dd/yyyy) | Social Security Number / Date of Birth (mm/dd/yyyy) |
| ☐ Married  ☐ Civil Union/ Domestic Partner<br>☐ Separated  ☐ Unmarried (single, divorced, widowed)<br>Dependents (Not listed by Co-Borrower) | ☐ Married  ☐ Civil Union/ Domestic Partner<br>☐ Separated  ☐ Unmarried (single, divorced, widowed)<br>Dependents (Not listed by Borrower) |
| Present Address (Street, City, State, Zip) | Present Address (Street, City, State, Zip) |

## EMPLOYMENT INFORMATION

| Employer ☐ Self Employed | Employer ☐ Self Employed |
|---|---|
| Position/Title / Date of Employment | Position/Title / Date of Employment |
| Second Employer | Second Employer |
| Position/Title / Date of Employment | Position/Title / Date of Employment |

| | Borrower | Co-Borrower | Total |
|---|---|---|---|
| Gross Salary/Wages | | | |
| Net Salary/Wages | | | |
| Unemployment Income | | | |
| Child Support/Alimony | | | |
| Disability Income | | | |
| Rental Income | | | |
| Other Income | | | |
| Total (do not include Gross Income) | | | |

## EXPENSE AND LIABILITIES

| | Monthly Payments | Balance Due |
|---|---|---|
| First Mortgage | | |
| Second Mortgage | | |
| Other Liens/Rents | | |
| Homeowners' Association Dues | | |
| Hazard Insurance | | |
| Real Estate Taxes | | |
| Child Care | | |
| Health Insurance | | |
| Medical Charges | | |
| Credit Card/Installment Loan | | |
| Credit Card/Installment Loan | | |
| Credit Card/Installment Loan | | |

| | | |
|---|---|---|
| Automobile Loan 1 | | |
| Automobile Loan 2 | | |
| Auto/Gasoline/Insurance | | |
| Food/Spending Money | | |
| Water/Sewer/Utilities | | |
| Phone/Cell Phone | | |
| Other | | |
| Total | | |

## ASSETS

| | Estimated Value |
|---|---|
| Personal Residence | |
| Real Property | |
| Personal Property | |
| Automobile 1 | |
| Automobile 2 | |
| Checking Accounts | |
| Saving Accounts | |
| IRA/401K/Keogh Accounts | |
| Stock/Bonds/CDs | |
| Case Value of Life Insurance | |
| Other | |
| Total | |

**Reason for Delinquency/Inability to Satisfy Mortgage Obligation:**

☐ Reduction in income     ☐ Medical issues     ☐ Death of family member
☐ Poor budget management skills     ☐ Increase in expenses     ☐ Business venture failed
☐ Loss of income     ☐ Divorce/separation     ☐ Increase in loan payment
☐ Other: _____

Further Explanation: _____

I / We obtained a mortgage loan(s) secured by the above-described property.
I / We have described my/our present financial condition and reason for default and have attached required documentation.
I / We consent to the release of this financial worksheet and attachments to the mediator and the plaintiff or plaintiff's servicing company by way of the plaintiff's attorney.
By signing below, I / we certify the information provided is true and correct to the best of my / our knowledge.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Signature of Borrower | SSN | Date |
| _____ | _____ | _____ |
| Signature of Borrower | SSN | Date |

Please attach the following:
    Last federal tax return filed
    Proof of income (e.g. one or two current pay stubs)
    Past two (2) bank statements
    If self-employed, attach a copy of the past six month's profit and loss statement

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Effective: 11/2008, CN 11269-English, (Foreclosure Mediation Financial Worksheet)

page 2 of 2

# NEW JERSEY JUDICIARY
## FORECLOSURE MEDIATION FINANCIAL WORKSHEET

DOCKET NO: F ☐☐☐☐☐-☐☐

Plaintiff's Name     V.     First Defendant's Name

## PERSONAL INFORMATION

Borrower's Name | Co-Borrower's Name

| Social Security Number | Date of Birth (mm/dd/yyyy) | Social Security Number | Date of Birth (mm/dd/yyyy) |

☐ Married ☐ Civil Union/ Domestic Partner
☐ Separated ☐ Unmarried (single, divorced, widowed)
Dependents (Not listed by Co-Borrower)

☐ Married ☐ Civil Union/ Domestic Partner
☐ Separated ☐ Unmarried (single, divorced, widowed)
Dependents (Not listed by Borrower)

Present Address (Street, City, State, Zip) | Present Address (Street, City, State, Zip)

## EMPLOYMENT INFORMATION

Employer ☐ Self Employed | Employer ☐ Self Employed

| Position/Title | Date of Employment | Position/Title | Date of Employment |

Second Employer | Second Employer

| Position/Title | Date of Employment | Position/Title | Date of Employment |

| | Borrower | Co-Borrower | Total |
|---|---|---|---|
| Gross Salary/Wages | | | |
| Net Salary/Wages | | | |
| Unemployment Income | | | |
| Child Support/Alimony | | | |
| Disability Income | | | |
| Rental Income | | | |
| Other Income | | | |
| Total (do not include Gross Income) | | | |

## EXPENSE AND LIABILITIES

| | Monthly Payments | Balance Due |
|---|---|---|
| First Mortgage | | |
| Second Mortgage | | |
| Other Liens/Rents | | |
| Homeowners' Association Dues | | |
| Hazard Insurance | | |
| Real Estate Taxes | | |
| Child Care | | |
| Health Insurance | | |
| Medical Charges | | |
| Credit Card/Installment Loan | | |
| Credit Card/Installment Loan | | |
| Credit Card/Installment Loan | | |

| Automobile Loan 2 | | |
|---|---|---|
| Auto/Gasoline/Insurance | | |
| Food/Spending Money | | |
| Water/Sewer/Utilities | | |
| Phone/Cell Phone | | |
| Other | | |
| **Total** | | |

## ASSETS

| | Estimated Value |
|---|---|
| Personal Residence | |
| Real Property | |
| Personal Property | |
| Automobile 1 | |
| Automobile 2 | |
| Checking Accounts | |
| Saving Accounts | |
| IRA/401K/Keogh Accounts | |
| Stock/Bonds/CDs | |
| Case Value of Life Insurance | |
| Other | |
| **Total** | |

**Reason for Delinquency/Inability to Satisfy Mortgage Obligation:**

☐ Reduction in income    ☐ Medical issues    ☐ Death of family member
☐ Poor budget management skills    ☐ Increase in expenses    ☐ Business venture failed
☐ Loss of income    ☐ Divorce/separation    ☐ Increase in loan payment
☐ Other: _____

Further Explanation:

I / We obtained a mortgage loan(s) secured by the above-described property.
I / We have described my/our present financial condition and reason for default and have attached required documentation.
I / We consent to the release of this financial worksheet and attachments to the mediator and the plaintiff or plaintiff's servicing company by way of the plaintiff's attorney.
By signing below, I / we certify the information provided is true and correct to the best of my / our knowledge.

_____    _____    _____
Signature of Borrower    SSN    Date

_____    _____    _____
Signature of Borrower    SSN    Date

Please attach the following:
    Last federal tax return filed
    Proof of income (e.g. one or two current pay stubs)
    Past two (2) bank statements
    If self-employed, attach a copy of the past six month's profit and loss statement

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Effective: 11/2008, CN 11269-English, (Foreclosure Mediation Financial Worksheet)

page 2 of 2

# INDIVIDUAL INSTRUCTIONS
## (FOR HOMEOWNERS SEEKING MEDIATION WHO HAVE NOT
## MET WITH A HOUSING COUNSELOR)

Court-sponsored foreclosure mediation is limited to homeowners whose principal residence (1 to 3 family) is the subject of a foreclosure action. The homeowner must be the borrower and not in bankruptcy.

Complete the Foreclosure Mediation Financial Worksheet and the reverse side of these instructions, following the instructions below, and return to:

**Office of Foreclosure**
**ATTN: Foreclosure Mediation Program**
P.O. 971
25 Market Street
Trenton, New Jersey 08625

1. Complete the **Foreclosure Mediation Financial Worksheet** and assemble the required attachments.

2. Complete the **Mediation Recommendation Statement** on the reverse side of this instruction sheet.

   - Fill in the plaintiff's name and the name of the first named defendant from the foreclosure complaint.

   - Insert the docket number and two-digit year in the space provided from the foreclosure complaint.

   - Execute the borrower's certification, if all statements are accurate and truthful;

   - Briefly describe the workout solution or solutions that you will ask the mediator to consider.

   - If known, insert the name of the lender's loss mitigation representative with whom a mortgage workout plan was discussed and his/her location and telephone number; and

   - Complete the Homeowner-Borrower's Contact Information at the bottom of the page.

   - Attach the completed Foreclosure Mediation Financial Worksheet and all required attachments to the Mediation Request Statement.

3. Mail the **ORIGINAL** and **TWO COPIES** of the **Mediation Request Statement** and the **ORIGINAL** and **TWO COPIES** of the **Mortgage Foreclosure Financial Worksheet** with **THREE COPIES** of all required attachments affixed to the worksheets to the to the Office of Foreclosure at the above address.

Revised 6/22/2009, CN 11270-English, (Mediation Request Statement)

page 1 of 2

## MEDIATION REQUEST STATEMENT

DOCKET NO: F ☐☐☐☐☐-☐☐

V.

_____          _____
Plaintiff's Name                    First Defendant's Name

☐ **SECTION A**          **MEDIATION REQUESTED**

Homeowner-Borrower(s) request court sponsored foreclosure mediation.

### HOMEOWNER-BORROWER'S CERTIFICATION

_____ hereby certifies and says:
                  (Insert your name(s))

1. I / We  am / are  the owner and mortgagor of the property subject to foreclosure in the above captioned foreclosure action, which property is known as_____, New Jersey.
                                        (Insert the property address)

2.. I / We  am / are  the borrowers on the mortgage loan.

3. I / We live in the above-described 1 to 3 unit property and the property is my/our principal residence.

4. I / We  ☐ have   ☐ have not   filed an answer to the foreclosure complaint filed by my lender.

I / We certify that the statements made above are true.   I / We  am / are  aware that if any of the statements made by me / us  are willfully false, I / we  am / are  subject to punishment.

_____  _____        _____  _____
Date              Signature              Date              Signature

_____        _____
( Type or Print Name)      ( Type or Print Name )

### HOMEOWNER'S FORECLOSURE PREVENTION PROPOSAL

Briefly outline the workout proposal you are seeking (if necessary, attach additional pages):

If known, the lender's loss mitigation representative's name and his / her location and telephone number is:

**HOMEOWNER CONTACT INFORMATION**

Name

Address

| Home Telephone | Cell Phone |
| --- | --- |

Revised 6/22/2009, CN 11270-English, (Mediation Request Statement)          page 2 of 2

# HUD/NJHMFA-CERTIFIED HOUSING COUNSELOR INSTRUCTIONS

Court-sponsored foreclosure mediation is limited to homeowners whose principal residence (1 to 3 family) is the subject of a foreclosure action. The homeowner must be the borrower.

After meeting with and counseling the homeowner, please complete the Foreclosure Mediation Financial Worksheet and the reverse side of these instructions, following the instructions below, and return to:

**Office of Foreclosure**
**ATTN: Foreclosure Mediation Program**
P.O. 971
25 Market Street
Trenton, New Jersey 08625

1. Complete the **Foreclosure Mediation Financial Worksheet** and assemble the required attachments.

2. Discuss with the homeowner possible workout solutions.

3. Complete the *Mediation Recommendation Statement* on the reverse side of this instruction sheet.

    Regardless of the outcome of your counseling:

    - Fill in the plaintiff's name and the name of the first named defendant from the foreclosure complaint.
    - Insert the docket number and two-digit year in the space provided from the foreclosure complaint.
    - Complete the Housing Agency Information at the bottom of the page
    - Have homeowner(s) execute the certification, if all statements are accurate and truthful.
    - Briefly describe the workout solution or solutions that appear to fit the homeowner's circumstances.
    - Insert the name of the lender's loss mitigation representative with whom a mortgage workout plan was discussed and his/her location and telephone number.
    - Attach the completed Financial Worksheet and all required attachments to the Mediation Recommendation Statement.

4. Mail the **ORIGINAL** and **TWO COPIES** of the Mediation Recommendation Statement with the borrower's certification and the **ORIGINAL** and **TWO COPIES** of the Foreclosure Mediation Financial Worksheet with **THREE COPIES** of all required attachments affixed to the worksheets to the Office of Foreclosure at the above address.

Revised: 6/22/2009, CN 11268-English, (HUD/NJHMFA Certified Housing Instructions-Mediation Recommendations)          page 1 of 2

# MEDIATION RECOMMENDATION STATEMENT

DOCKET NO: F ☐☐☐☐☐-☐☐

V.

| Plaintiff's Name | First Defendant's Name |
|---|---|

## MEDIATION REQUESTED

Homeowner-Borrower(s) request court sponsored foreclosure mediation.

### HOMEOWNER-BORROWER'S CERTIFICATION

_____ hereby certifies and says:

[Insert your name(s)]

1. I / We am / are the owner and mortgagor of the property subject to foreclosure in the above captioned foreclosure action, which       property is known as_____, New Jersey.

[Insert the property address]

2. I/We am/are the borrowers on the mortgage loan.

3. I / We live in the above-described property and the property is my/our principal residence.

4. I / We ☐ am/are not in bankruptcy ☐ have filed for bankruptcy and the petition is discharged, dismissed or the Bankruptcy stay has been lifted to allow the foreclosure to proceed.

4. I / We   ☐ have   ☐ have not    filed an answer to the foreclosure complaint filed by my lender.

I / We certify that the statements made above are true.   I / We   am / are aware that if any of the statements made by me / us  are willfully false, I / we   am / are   subject to punishment.

| Signature | | Signature |
|---|---|---|
| Date | Date | |
| Type or Print Name | | Type or Print Name |
| Home Telephone No. | | Cell Phone No. |

## HOUSING COUNSELOR'S PROPOSAL

Briefly outline workout proposal (if necessary, attach additional pages):

If known, the lender's loss mitigation representative's name and his / her location and telephone number is:

| Name and Location | Telephone No. |
|---|---|

### HOUSING AGENCY INFORMATION

| Agency Name | Agency Contact Name |
|---|---|
| Agency Address | Agency Telephone No. |
| Signature | Type or Print Name |

# EXHIBIT B

Attn: zucker Goldberg ackerman

Re: Avrohom & Sebrow



Re: 

Docket# ████████

1. I DISPUTE THE VALIDITY OF THE DEBT.
2. PLEASE SEND ME VERIFICATION OF ALLEGED DEBT
3. DO NOT EVER CALL ME ON ANY NUMBER.
4. PLEASE SEND ME NAME AND ADRESS OF ORIGINAL
AND CURRENT CREDITOR and any intermediate creditors

Avrohom Sebrow

# Fwd: Successful transmission to 19082331390. Re: zucker dispute ▮▮▮▮▮▮ hsbc goldberg ackerman

From: Avrohom
Sent: Wed, Oct 6, 2010 at 4:35 pm
To: lkatz@lawkatz.com

---

---------- Forwarded message ----------
From: <send@mail.efax.com>
Date: Wed, Dec 23, 2009 at 8:43 PM
Subject: Successful transmission to 19082331390. Re: zucker dispute 1273 kenwood hsbc goldberg ackerman
To: asebrow@gmail.com

# EXHIBIT C

**FILED**   Mar 26, 2010

RECEIVED
SUPERIOR COURT OF NJ

MAR 26 2010

FORECLOSURE

FWZ 125374/rmm
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301                    **FILED:**
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

|  |  |  |
|---|---|---|
| HSBC Mortgage Corporation (USA) | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | CHANCERY DIVISION |
|  | : | CAMDEN COUNTY |
| Plaintiff, | : | DOCKET NO. ▮▮▮▮ |
| vs. | : |  |
|  | : | Civil Action |
| Avrohom Sebrow; et al. | : |  |
|  | : | **REQUEST AND CERTIFICATION** |
| Defendants. | : | **OF DEFAULT** |
|  | : |  |
|  | : |  |

TO:    CLERK, SUPERIOR COURT OF NEW JERSEY

You will please enter the default of the following defendants herein:

Avrohom Sebrow;

for failure to plead or otherwise defend as provided by the rules of Civil Practice of the Superior Court.

ZUCKER, GOLDBERG & ACKERMAN, LLC

BY:_____

Dated: March 2, 2010

JANET V. KEYMETIAN

## CERTIFICATION OF DEFAULT

JANET V. KEYMETIAN

, ESQ. does hereby certify:

1. I am an associate with the law firm of ZUCKER, GOLDBERG & ACKERMAN, LLC, attorneys for the plaintiff in the above entitled action, and am in charge of said action.

2. The following defendants were served in accordance with the rules of the Court on the date set forth after their names with a copy of Summons, Complaint and Foreclosure Mediation Notice:

AVROHOM SEBROW
Date Served: 12/21/2009    Via: CERT - OUT OF STATE

as appears from the proofs of service filed with the Court, and that the time within which said defendants may answer or otherwise move as to the Complaint and Amended Complaint, if any, has expired; that they have not answered or otherwise moved, and that the time for them to answer or otherwise move has not been extended.

3. I hereby certify that the foregoing statements made by me are true; I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

ZUCKER, GOLDBERG & ACKERMAN, LLC

BY: _____

JANET V. KEYMETIAN

Dated: March 2, 2010

# ZUCKER, GOLDBERG & ACKERMAN, LLC
## ATTORNEYS AT LAW

LEONARD B. ZUCKER
MICHAEL S. ACKERMAN
JOEL ACKERMAN*

FRANCES GAMBARDELLA
BRIAN C. NICHOLAS •
STEVEN D. KROL
CHRISTOPHER G. FORD
ERIC R. PARKER ‡
DENISE CARLON ‡
MONIKA S. PUNDALIK
CHRISTINE E. POTTER
BRIAN W. BANASIAK
RYAN S. MALC
JENEE K. CICCARELLI ‡
JAMES R. FREESWICK ‡
ASHLEIGH L. LEVY ¤

\* ALSO MEMBER OF NY, PA AND CA BAR
• ALSO MEMBER OF NY AND MI BAR
‡ ALSO MEMBER OF NY BAR
¤ ALSO MEMBER OF PA BAR
☐ MEMBER OF PA BAR ONLY

200 SHEFFIELD STREET– SUITE 301
P.O. BOX 1024
MOUNTAINSIDE, NJ 07092-0024

TELEPHONE: 908-233-8500
FACSIMILE: 908-233-1390
E-MAIL: office@zuckergoldberg.com
For payoff/ reinstatement figures
please send your request to: zuckergoldberg.com/pr

*REPLY TO NEW JERSEY ADDRESS*

FOUNDED IN 1923
AS ZUCKER & GOLDBERG

MAURICE I. ZUCKER (1918-1979)
LOUIS D. GOLDBERG (1923-1967)
LEONARD H. GOLDBERG (1929-1979)
BENJAMIN WEISS (1949-1981)

Pennsylvania Office:
P.O. Box 650
Hershey, PA 17033

*OF COUNSEL:*

SCOTT A. DIETTERICK, ESQ ☐
KIMBERLY A. BONNER, ESQ. ☐

FWZ 125374

September 27, 2010

# NOTICE

Avrohom Sebrow

Avrohom Sebrow

**Re:** HSBC Mortgage Corporation (USA)
**vs.** Avrohom Sebrow; et al.



**Docket:**

Dear Sir and/or Madame:

In accordance with the requirements set forth in the Fair Foreclosure Act, you are hereby given notice as to the following:

1. You have 10 days from the receipt of this Notice to contact:

FNFS-HSBC MORTGAGE CORP. (USA)
Foreclosure Dept
2929 WALDEN AVENUE
DEPEW, NY 14043-2602

# OR

ZUCKER, GOLDBERG & ACKERMAN, LLC
200 SHEFFIELD STREET, SUITE 301
P.O. BOX 1024
MOUNTAINSIDE, NJ 07092-0024

and

2. Advise and certify to said lender in good faith whether there is reasonable likelihood that you will be able to provide the necessary payment to cure the default on your mortgage account within 45 days of the date of this notice which is September 27, 2010;

Zucker, Goldberg & Ackerman

and

3. With respect to whether there is reasonable likelihood that you can cure the default, that communication MUST be in writing. **No telephone calls will be accepted.** All correspondence must be sent via Registered or Certified Mail- Return receipt requested to the address provided in paragraph 1 above;

and

4. Absent a response to said lender, proper proofs will be submitted to the Court for entry of Final Judgment. Upon entry of Final Judgment, you will lose your right to cure the default.

5. The lender that is servicing your loan is:

> FNFS-HSBC MORTGAGE CORP. (USA)
> 2929 WALDEN AVENUE
> DEPEW, NY 14043-2602

In the event that you require the amount to reinstate your loan, you should contact:

> FNFS-HSBC MORTGAGE CORP. (USA)
> Attn: Loss Mitigation Dept.
> 800-365-6730

Should you have any further questions regarding the contents of this letter or your legal rights, please contact your attorney.

Very truly yours,

ZUCKER, GOLDBERG & ACKERMAN, LLC

By: _____*Steven D. Krol*_____

STEVEN D. KROL

SDK/ahl
Enclosures